J-A27018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NANCY POLLICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA L. POLLICK | : | |
| | : | |
| Appellant | : | No. 1544 MDA 2021 |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2021-41111

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED MARCH 30, 2023**

Cynthia L. Pollick appeals from the protection from abuse ("PFA") order entered against her. (We will call the parties by their first names in this opinion, for the sake of clarity.) Cynthia argues the trial court lacked jurisdiction because it did not hold a hearing within 10 business days of the filing of the PFA petition; the court erred in preventing her from entering a property that she alleges she solely owned; there was insufficient evidence to support the PFA order; the court erred in entering the PFA order for three years; and the court erred in ordering her to pay costs. We affirm.

In September 2021, Nancy Pollick filed a PFA petition against her daughter Cynthia. The PFA petition listed separate addresses for Nancy and Cynthia, but prior to July 2021 they shared a residence on Valley View Drive

_____

[*] Retired Senior Judge assigned to the Superior Court.

in Clarks Summit, PA ("Clarks Summit residence"). Nancy averred that Cynthia had mental health issues and that she feared Cynthia. In the petition, Nancy mentioned a July 2021 incident where Cynthia verbally abused her, and Cynthia was arrested. Nancy alleged that on other occasions, Cynthia had threatened her with knives. The court granted a temporary PFA.

The trial court scheduled a hearing for September 22, 2021. It then rescheduled it to September 29. Cynthia requested three additional continuances. The court granted two of them and denied the third.

At the hearing on the PFA, Nancy testified about the July 2021 incident. She stated she returned home and found Cynthia intoxicated, screaming, and yelling. N.T., Nov. 17, 2021, at 5. Nancy asked her to be quiet, but Cynthia got louder. *Id.* Because Cynthia was getting out of control, Nancy went to the garage. She heard Cynthia call 911 two times. *Id.* at 5, 7. Nancy further testified that on that day Cynthia said Nancy was in the Mafia, which she had "heard daily for a year-and-a-half." *Id.* at 6. Nancy testified that when the state troopers arrived, she saw Cynthia bang on the troopers' vehicle while screaming at the troopers. *Id.* at 7. Cynthia was taken into custody. *Id.* at 11.

Nancy testified that prior to this incident, Cynthia had constantly accused her of being in the Mafia and had belittled Nancy daily. *Id.* at 13. She testified that when Cynthia lived in the home, Cynthia carried three tote bags with knives in them. *Id.* She had taken all the butcher knives from the drawer and bought additional knives. *Id.* Nancy testified that on one occasion Cynthia

had a long serrated knife in her pocket and Nancy brushed by her and got cut. *Id.*

Nancy further testified that she felt threatened by Cynthia's behavior and would lock her bedroom door at night because she was frightened. *Id.* at 14-15. She stated, "[T]here wasn't a day that went by that I wasn't afraid of my daughter and what she would do to me when she was drinking and when she went into her moods. My daughter has mental health problems, and she doesn't see it." *Id.* at 15.

Cynthia attached to her motions for continuances purported copies of the deed to the Clarks Summit Residence, in which Nancy continued to reside. At the hearing, Cynthia attempted to ask Nancy questions about the ownership of the home. *Id.* at 17-20, 26. The court sustained objections to the line of questioning. *Id.* The deed was not introduced as evidence at the hearing, and Cynthia did not testify regarding ownership of the property.

The trial court found that "based on the credible and uncontroverted testimony," and based upon the preponderance of the evidence, Nancy "was entitled to a PFA Order against [Cynthia]." Trial Court Opinion, filed Jan. 24, 2022, at 4 ("1925(a) Op."). It granted a PFA order for a period of three years. It further granted Nancy exclusive possession of the Clarks Summit residence.

Cynthia filed a timely notice of appeal.[1] She further filed a motion to stay payment of costs pending appeal, noting the court did not waive costs.

_____

[1] The court did not request a Rule 1925(b) statement, and Cynthia did not file one.

She also filed an "objection," wherein she made a payment of $20.00 "under duress," claiming she should not have to pay the amount but was doing so due to the threat of incarceration.

Cynthia raises the following issues:

I. Whether the trial court lacked jurisdiction to enter a PFA order since [Cynthia] was not served until 17 days after the PFA Petition was filed, which was beyond the required 10-day hearing rule?

II. Whether the trial court erred when it changed title to property since the alleged victim was not a titleholder to the property located at 11059 Valley View Drive, Clarks Summit?

III. Whether the trial court erred in evicting the titleholder from her residence for a 3-year period when [Nancy] was not a titleholder and [Cynthia] was responsible for the property?

IV. Whether the trial court erred since there was no evidence that rose to the high level of "abuse" under the Protection from Abuse Act since there was no bodily injury or fear of death?

V. Whether the trial court erred in entering a 3-year PFA based on its own suggestion when there was no evidence of abuse while the trial court knew that [Cynthia], who was a lawyer, was keeping many of her client's business banker boxes full of attorney-client matter at her home since she was practicing law remotely?

VI. Whether the trial court erred when it awarded costs that were not incurred and threatened incarceration if [Cynthia] did not pay costs associated with the PFA Petition brought by [Cynthia's] mother who worked for [Cynthia] for over 10 years before ceasing work due to COVID in March 2020?

VII. Whether Section 6108 of the Protection for Abuse Act is unconstitutional since it deprives a property owner of her property in violation of the Fifth, Fourteenth Amendment and the Pennsylvania Constitution?

Appellant's Br. at 7-8.

Cynthia first argues that because the trial court did not hold a hearing within 10 days of the filing of the petition, it lacked jurisdiction to enter the order. She points out that Section 6107 requires the court to hold a hearing within 10 days of the filing of a petition. She argues this Court has held that when the trial court failed to hold a hearing within 10 days, it lacked jurisdiction to hear the petition. She claims the petition was filed September 10, 2021, and not served on her until September 27, 2021, and therefore the November 17, 2021 hearing did not occur within 10 days of the filing.

Section 6107(a) requires that a court hold a hearing within 10 business days of the filing of a PFA petition. 23 Pa.C.S.A. § 6107(a). In **P.E.S. v. K.L.**, this Court held that if the trial court does not hold a hearing within 10 business days of the filing of the petition, it lacks jurisdiction to grant relief to the filing party. 720 A.2d 487, 489 (Pa.Super. 1998). There, the court scheduled a hearing, but the parties did not appear and the court took no action on the petition. The defendant filed a petition to dismiss the PFA petition and expunge the record. The court dismissed the PFA petition, and we concluded this was not error, reasoning the court lacked jurisdiction to grant relief on the PFA petition because no hearing was held within 10 business days. **Id.** at 489.

Section 6107(c) addresses continued hearings, providing that "[i]f a hearing under subsection(a) is continued and no temporary order is issued, the court may make *ex parte* temporary orders under subsection (b) as it deems necessary." 23 Pa.C.S.A. § 6107(c). In **Ferko-Fox v. Fox**, 68 A.3d

917, 926 (Pa.Super. 2013), this Court concluded that courts have discretion to continue evidentiary hearings for PFAs even where they have issued a temporary PFA. There, the court scheduled a hearing within 10 days of the filing of the PFA petition, but granted the petitioner's continuance request, to allow additional time to find an attorney. *Ferko-Fox*, 68 A.3d at 926. We concluded that the court's ability to grant a continuance was not "dependent upon the absence of a previously entered *ex parte* order," and "the provision simply accords trial courts the authority to enter *ex parte* orders, if needed, in order to protect a petitioner from abuse pending the continuation of the evidentiary hearing." *Id.* We concluded the court did not abuse its discretion in granting the continuance and rejected the appellant's claim that he was entitled to a final hearing within 10 business days of the filing of the petition. *Id.*

Here, the trial court originally scheduled a hearing for September 22, 2021, which was within 10 business days of the September 10 filing of the PFA petition. The court rescheduled it to September 29. Cynthia then requested three continuances, with the court granting two of the requests. Because the court originally scheduled the hearing within 10 business days of the filing of the petition and used its discretion to continue the hearing, it had jurisdiction to entertain the petition. *See Ferko-Fox*, 68 A.3d at 926.

Cynthia next argues the court erred in granting the petition and evicting her because there was no evidence Nancy suffered a bodily injury or was in fear of death. Cynthia argues there was no evidence that the alleged verbal

abuse and threats rose to the level of fear of imminent serious bodily injury, and notes that Nancy testified that Cynthia had not injured her on any occasion in the preceding six months. She claims that because Nancy testified that Cynthia had not harmed her, it was not objectively reasonable to fear imminent serious bodily harm. She further notes that there had been a no-contact order after her July arrest, so the PFA was not necessary.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **Hood-O'Hara v. Wills**, 873 A.2d 757, 759 (Pa.Super. 2005). An abuse of discretion exists where there is not "merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Mescanti v. Mescanti**, 956 A.2d 1017, 1019 (Pa.Super. 2008) (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000)).

A plaintiff seeking a PFA order bears the burden of proving abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a). On appellate review of the grant of a PFA order, "we view the evidence in the light most favorable to the petitioner and grant [her] the benefit of all reasonable inferences derived therefrom." **D.H. v. B.O.**, 734 A.2d 409, 410 (Pa.Super. 1999).

The PFA defines abuse as the occurrence of certain acts between family or household members, including knowingly engaging in a course of conduct that places the person in reasonable fear of bodily injury:

"The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

. . .

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102.

Here, the trial court discussed Nancy's testimony and found that "based on the credible and uncontroverted testimony," Nancy was entitled to a PFA order against Cynthia. *See* 1925(a) Op. at 4. We conclude the evidence supported the issuance of the PFA order, as Nancy's testimony supported a finding that Cynthia had engaged in a course of conduct that placed Nancy in fear of bodily injury. Cynthia threatened Nancy and routinely carried knives with her. Nancy testified she feared Cynthia and locked her bedroom door due to the fear. Contrary to Cynthia's contention, bodily injury or fear of serious bodily injury were not required for the issuance of the PFA order. *See* 23 Pa.C.S.A. § 6102.

Cynthia raises two claims with respect to the Clarks Summit residence, where both Nancy and Cynthia lived prior to July, and in which Nancy continued to reside. Cynthia comingles her property-related issues, which we will address together. Cynthia claims that Section 6108 of the PFA Act is unconstitutional and the trial court erred in changing title on the deed. Cynthia

argues Section 6108 is unconstitutional because she was a deed holder of the Clarks Summit residence and the PFA order prevents her from entering, such that she now is deprived of her real estate and possessions without due process. She claims she was responsible for property maintenance and being deprived of the ability to enter the property infringes on her right to possess and use the property. She points out that Section 6108 provides that no order under the PFA Act shall affect title to real property and that this Court has found that a PFA order can evict a person if the residence is jointly owned or leased by the parties, owned or lease by the entireties, or solely owned by the plaintiff. Cynthia argues the house was owned by her alone and therefore she could not be evicted under the PFA. She claims that by evicting her, the court changed the title holder. Cynthia argues it is unconstitutional to bar a property owner from her property because she has a duty to maintain it and pay taxes. She claims she is deprived of the property and its contents and cites **Connecticut v. Doehr**, 501 U.S. 1 (1991), in support.

Cynthia's questions regarding the Clarks Summit property are not properly before this Court. Cynthia attached a purported deed to the property to filings in the trial court, but the deed was not admitted into evidence at the hearing. Further, at the hearing, Cynthia claimed she was the sole owner of the property and Nancy stated that she had a life estate. N.T., Dec. 3, 2021, at 17-20. The court ultimately sustained objections to the line of questioning, and Cynthia does not challenge the evidentiary rulings on appeal. **Id.** at 20, 22-23, 26. The trial court never addressed the issues of property ownership

or constitutionality, and the record is not developed enough for this Court to do so now. Accordingly, the claims are waived, as they were not preserved below. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Cynthia next claims the court erred in entering a PFA order lasting three years where there was no evidence to support a three-year order. She states she was not able to find case law regarding the length of time for a PFA but "one would think it must be based on evidence in the record, and there must be actual physical injury to enter a 3-year PFA." Appellant's Br. at 28.

The court did not err or abuse its discretion when it issued the injunction for three years. Cynthia has provided no authority to support her contention that it was error to enter a three-year PFA where no physical injury occurred, and we are aware of none.

Cynthia next argues the trial court erred in awarding costs of $340.50 that were not incurred and that are above the $100 surcharge, and claims the court offered no rationale for the award of costs. She maintains there was no justification or proof of actual costs and the trial court inflated the costs. She argues the judge awarded costs because he does not like her, claiming the court waived fees when she filed a PFA petition against her ex-husband. She further claims the order contained language of intimidation.

The court did not err in awarding costs. Cynthia did not raise her challenge to the amount of the costs in any way in the trial court and she therefore waived it. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court

are waived and cannot be raised for the first time on appeal"). Furthermore, she further waived the challenge because she failed to adequately develop it in her brief. *See J.J. Deluca Co., Inc. v. Toll Naval Assoc.*, 56 A.3d 402, 419 (Pa.Super. 2012) (finding claim waived where appellant failed to present or develop independent argument to support it).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2023